UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DANNEL HILL,

        Petitioner,

  -against-

WILLIAM LEE, Superintendent,

        Respondent.
--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/7/13

**REPORT AND RECOMMENDATION**

11 Civ. 0640 (ER)(GAY)

TO THE HONORABLE EDGARDO RAMOS, United States District Judge:

On March 20, 2007, a Westchester County jury convicted petitioner Dannel Hill ("petitioner" or "defendant") of three counts of third degree criminal possession of a weapon, one count of first degree criminal trespass, one count of resisting arrest and one count of third degree criminal trespass. Petitioner's conviction stemmed from an incident on July 24, 2006 at 46 Mulford Gardens in Yonkers, New York. On May 9, 2007, the trial court sentenced petitioner as a second violent felony offender to concurrent terms of imprisonment of seven years (for each criminal possession count), two to four years (for first degree criminal trespass), one year (resisting arrest) and ninety days (third degree criminal trespass), followed by five years of post-release supervision. On or about August 28, 2012, petitioner was released on parole from Green Haven Correctional Facility.[1]

Presently before this Court is petitioner's *pro se* Petition for a Writ of Habeas

---

[1] Petitioner failed to notify the Court of his release. Nor has he provided the Court with any contact information since.

Copies mailed / ~~handed / faxed to counsel~~ *plaintiff* 3/7/13

Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

## I. PROCEDURAL HISTORY

By notice of motion dated November 13, 2006, defense counsel sought omnibus pretrial relief including suppression of petitioner's statements to the police and suppression of the hand gun seized from petitioner.  By Decision and Order dated December 14, 2006, the Westchester County Supreme Court (Adler, J.) granted petitioner's motion to the extent (in relevant part) that *Huntley*, *Mapp*, *Dunaway* and *Sandoval* hearings were ordered to be held prior to trial.  See Exh. 5.[2]  The County Court, Westchester County (Neary, J.) held a combined *Huntley*, *Mapp*, and *Dunaway* hearing on March 7-9 and 12, 2007.  At the conclusion of the hearings, the court held *inter alia* that the police had probable cause to arrest petitioner and the seizure of the handgun was lawful.  See Transcript of Hearings Before Trial, at 223-34.

Following trial and sentencing, petitioner (by and through counsel) timely appealed the judgment of conviction to the Appellate Division, Second Department, on the following grounds: (1) the trial court erroneously denied petitioner's motion to suppress the handgun; (2) upon suppression of the weapon, petitioner's convictions (except for third degree criminal trespass) should be vacated; (3) the evidence was insufficient to support petitioner's conviction for third degree trespass; and (4) petitioner's sentence was excessive as a matter of law and should be reduced in the interests of justice.  See Exh. 6 at 28-58.  The Second Department, by Decision and

---

[2] Citations to "Exh. ___" refer to exhibits attached to Respondent's Memorandum of Law.

Order dated April 6, 2010, affirmed petitioner's conviction. See People v. Hill, 72 A.D.3d 702, 898 N.Y.S.2d 553 (2d Dep't 2010). The New York Court of Appeals denied petitioner leave to appeal on June 29, 2010. See People v. Hill, 15 N.Y.3d 751, 933 N.E.2d 223, 906 N.Y.S.2d 824 (2010).

On or about January 21, 2011, petitioner timely filed the instant Petition wherein he seeks habeas review of the issues he raised on direct appeal.

## II. STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). See 28 U.S.C. § 2254(a). Subsequent to the enactment of the AEDPA, which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court's decision is "contrary to" clearly established Federal law if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme Court of the United States] on a question of law" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that reached by the Supreme Court of the United States]." See Williams v. Taylor, 529 U.S. 362, 405 (2000).

As to the "unreasonable application" prong, "a federal habeas court may not

issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." See id. at 411. A state court decision involves an "unreasonable application" of Federal Supreme Court precedent if (1) "the state court identifies the correct legal rule from [Federal Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or (2) "the state court either unreasonably extends a legal principle from [Federal Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." See id. at 407.

Finally, under the AEDPA, the factual findings of state courts are presumed to be correct. See 28 U.S.C. §2254(e)(1). The petitioner must rebut this presumption by "clear and convincing evidence." See id.

### III. FOURTH AMENDMENT CLAIM

As his first ground for habeas relief, petitioner alleges that the trial court's denial of his motion to suppress the weapon was erroneous because the police search and seizure that led to the discovery of petitioner's gun were unconstitutional. The Supreme Court has sharply restricted habeas corpus relief on Fourth Amendment grounds, holding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976).

Subsequent to Powell, the Second Circuit specified the two instances in which a habeas court may properly review a Fourth Amendment claim: "(a) if the state has

provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992) (citing Gates v. Henderson, 568 F.2d 830, 839-40 (2d Cir. 1977) (en banc)). An unconscionable breakdown will be found where the State courts "failed to conduct 'a reasoned method of inquiry into relevant questions of fact and law.'" Capellan, 975 F.2d, at 71 (quoting Shaw v. Scully, 654 F. Supp. 859, 864 (S.D.N.Y. 1987)).

The Second Circuit has held that article 710 of New York Criminal Procedure Law, which governs motions to suppress evidence, provides a defendant with an opportunity for full and fair litigation of Fourth Amendment claims. See McPhail v. Warden, Attica Correctional Facility, 707 F.2d 67, 69 (2d Cir. 1983); see also Williams v. Artus, 691 F. Supp.2d 515, 529 (S.D.N.Y. 2010). Here, petitioner does not argue that he was denied an opportunity to fully and fairly litigate his Fourth Amendment claim in the state courts. Indeed, the trial court fully considered said claim during the pretrial suppression hearings, at the conclusion of which the trial court issued its oral decision holding *inter alia* that petitioner's arrest was supported by probable cause and the seizure of the gun was lawful. Petitioner argued on appeal to the Second Department that the weapon should have been suppressed; the Second Department upheld the trial court's ruling. He raised the issue again in his application for leave to appeal to the Court of Appeals, which was denied. Because petitioner's Fourth Amendment claim was fully and fairly litigated in the state courts and petitioner neither alleges nor demonstrates an "unconscionable breakdown" in the state process, habeas relief is not

available on this ground.  Further, because petitioner's suppression argument is not reviewable by this Court, his second ground for habeas relief is moot.  Accordingly, I respectfully recommend that petitioner's first and second claims for habeas relief must be dismissed.

## IV. INSUFFICIENT EVIDENCE CLAIM:  PROCEDURAL BAR

Federal habeas corpus review of a state court's denial of a state prisoner's federal constitutional claim is barred if the state court's decision rests on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional violation, or show "that failure to consider the claims will result in a fundamental miscarriage of justice."  See Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Lee v. Kemna, 534 U.S. 362, 375 (2002).  Where a state court has expressly relied on a procedural default, federal habeas review is foreclosed even if the state court also addressed the merits of the federal claim.  See Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) (federal habeas review barred where state court held claim "not preserved for appellate review" but then ruled on the merits of the claim "in any event").

A procedural bar is "adequate" if it is "based on a rule that is firmly established and regularly followed by the state in question." Monroe v. Kuhlman, 433 F.3d 236, 241 (2d Cir. 2006) (internal quotation and citation omitted).  Further, the adequacy of a state procedural bar must be examined in the context of "the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such circumstances."  See Cotto v. Herbert,

331 F.3d 217, 240 (2d Cir. 2003).  To this end, the Second Circuit has set forth the following "guideposts":

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Id. (quoting Lee, 534 U.S. at 381-85).

Petitioner claims, as his third ground for habeas relief, that the evidence was insufficient to establish his guilt of third degree criminal trespass.  Petitioner presented this argument to the Second Department in Point III of his brief on direct appeal; the Second Department affirmed petitioner's judgment of conviction and stated, *inter alia*:

> The defendant's further contention that the evidence was legally insufficient to support the verdict of guilt with respect to the crime of criminal trespass in the third degree is unpreserved for appellate review, as the defense counsel merely made a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case, and did not raise a specific challenge to the sufficiency of the evidence with respect to that charge (*see* CPL 470.05(2); *People v. Hawkins*, 11 N.Y.3d 484, 491-492, 872 N.Y.S.2d 395, 900 N.E.2d 946).  In any event, viewing the evidence in the light most favorable to the prosecution . . ., we find that the evidence was legally sufficient to establish his guilt of that crime beyond a reasonable doubt.

See People v. Hill, 72 A.D.3d 702, 705, 898 N.Y.S.2d 553, 557 (internal citations omitted).

New York's contemporaneous objection rule (codified at section 470.05(2) of New York's Criminal Procedure Law) "provides that, with a few exceptions not applicable here, New York appellate courts will review only those errors of law that are presented at a time and in a manner that reasonably prompted a judge to correct them

during criminal proceedings." See Downs v. Lape, 657 F.3d 97, 103 (2d Cir. 2011). More specifically, in order to preserve his insufficient evidence claim, petitioner was required to make a motion to dismiss at the close of the prosecution's case. See Scission v. Lempke, 784 F. Supp.2d 237, 243-44 (W.D.N.Y. 2011). "Moreover, New York courts have consistently held that a general motion to dismiss is not sufficient to preserve the contention that the evidence at trial was insufficient to establish a specific element of the crime charged." See id. at 244 (citing People v. Gray, 86 N.Y.2d 10, 20-22, 652 N.E.2d 919, 629 N.Y.S.2d 173 (1995)). See also Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007) ("New York's highest courts uniformly instruct that to preserve a particular issue for appeal, defendant must *specifically* focus on the alleged error.") (citation omitted; emphasis added in *Richardson*).

The record here reveals that, at the close of the People's case, defense counsel made only a general motion to dismiss which did not preserve petitioner's insufficient evidence claim. See Transcript of Jury Trial, at 551-52. The Second Department's decision contained a plain statement that petitioner's insufficient evidence claim was "unpreserved." Although the state court also rejected said claim on its merits, the Appellate Division explicitly invoked an "independent" state procedural ground as a basis for its decision. The Second Circuit has consistently recognized New York's contemporaneous objection rule as an independent and adequate state procedural rule barring habeas review. See, e.g., Whitley v. Ercole, 642 F.3d 278, 292 (2d Cir. 2011); Brown v. Ercole, 353 Fed. App'x 518, 520 (2d Cir. 2009); Richardson, 497 F.3d at 218; Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999) (federal courts "have observed and deferred to New York's consistent application of its contemporaneous objection rules").

Further, applying the Cotto "guideposts," the state court's application of its own procedural rule was not "so 'exorbitant' as to render it inadequate to preclude habeas review of the federal claim." See Whitley, 642 F.3d at 287-88. As noted above, New York appellate courts routinely hold that a motion to dismiss for insufficient evidence must be "specifically directed at the alleged error." See People v. Carncross, 14 N.Y.3d 319, 324-25, 927 N.E.2d 532, 901 N.Y.S.2d 112 (2010); People v. Finger, 95 N.Y.2d 894, 895, 739 N.E.2d 290, 716 N.Y.S.2d 34 (2000). Further, petitioner's compliance would have served a legitimate purpose in that "[a]t a bare minimum, the trial court could have developed a factual record supporting its decision that could then properly be reviewed on appeal." See Whitley, 642 F.3d at 290. Finally, this case presents none of the "unique circumstances" that made compliance difficult in Lee and Cotto.

Because there is an adequate and independent finding by the Appellate Division that petitioner procedurally defaulted on the insufficient evidence claim he now asserts as grounds for habeas relief, petitioner must demonstrate in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman, 501 U.S. at 750. Petitioner, however, has made no attempt to show cause or prejudice, and there is no indication that this Court's failure to address the merits of the unpreserved claim would result in a fundamental miscarriage of justice. Accordingly, I conclude, and respectfully recommend, that petitioner's procedural default bars federal review of his insufficient evidence claim.

## V. HARSH, EXCESSIVE SENTENCE

In his fourth claim for habeas relief, petitioner argues that the sentence imposed

for his conviction of each of the three counts of third degree criminal possession of a weapon was excessive and should be reduced to the statutory minimum as a matter of law and in the interest of justice. Said claim, however, fails to provide a basis for habeas relief. It is well-settled that, where the sentence imposed falls within the range prescribed by state law, no constitutional issue is presented upon which habeas corpus relief can be granted. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). Here, the sentence at issue falls within the range prescribed by state law. See N.Y. Penal L. §§ 265.02 ("Criminal possession of a weapon in the third degree is a class D felony."); 70.04(3)(c) (five to seven years for a class D felony). Accordingly, I respectfully recommend that petitioner's claim for habeas relief on the ground that his sentence was harsh and excessive does not rise to the level of a constitutional violation and must be dismissed.

## VI. CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend, that the instant petition for a writ of habeas corpus be denied in its entirety.

## VII. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The

Honorable Edgardo Ramos at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Edgardo Ramos and not to the undersigned.

Dated:   March 6, 2013
        White Plains, New York

Respectfully Submitted,

_George A. Yanthis_
GEORGE A. YANTHIS, U.S.M.J.